Battle, J.
 

 The 119th chapter of the Eevised Code, section 1, requires for the proof of a holograph will, that it “ be found among the valuable papers and effects” of the deceased, or that “it shall have been lodged in the hands” of some person for safe keeping, &c. In the present case, it is not pretended that the script was lodged in the hands of any person for safe keeping, but it is sought to be established as the will of the deceased, upon the ground, that it was found among his valuable papers and effects. Found when ? Certainly at or after the death of the alledged testator. The paper could not become a will until ■ the death of the alleged-
 
 *58
 
 testator, and to show that he intended it to operate as his will, it must be proved that it was found tying among his valuable papers and effects, for, from that circumstance, it is to be inferred that he regarded and had kept the script as a valuable paper also. The only testimony offered by the propounders, upon this all-important point, was that of a witness, who- had seen the deceased put the script in a red pocket-book about eight months before his death. -What become of it afterwards, does not appear, either from his testimony or that of any other person, nor does it appear where it was found, at or after the death of the deceased. It would, to a great extent, defeat the protection thrown around holograph wills, if the fact, that a script was seen among the valuable papers and effects of the deceased
 
 several months before his
 
 death, could be submitted to a jury as any evidence that it was found there,
 
 at or aft&r his death.
 

 Thinking that there was no evidence in support of that essential point, it was unnecessary for us to enquire, whether the red pocket-book, spoken of by the witnesses, was a place of deposit for the valuable papers and effects of the deceased.
 

 Per Curiam,
 

 Judgment affirmed.