W. DEVRIES & CO. *v.* E. L. PHILLIPS and MOSES HAYWOOD.

*A mere collateral declaration as to a past transaction* is not admissible as part of the *res gestæ; therefore*, where one whilst engaged in renting a store room, and arranging for removing goods thereto, stated that "he had bought some goods from Mr. Haywood," held to be inadmissible.

·(*State* v. *Dula*, Phil. 211, cited and approved.)

ORIGINAL ATTACHMENT (S. C. *ante* 53) tried before *Buxton, J.*, at Fall Term 1868 of the Superior Court of CUMBERLAND.

Upon the trial of an *interplea* involving the title of one Jernigan to the goods attached, one John H. Cook was examined as a witness for the plaintiff, and amongst other things said that in December 1866 Jernigan (who since has died) came to the house of the witness, and stated that he had bought some goods of Mr. Haywood, and wanted to rent a place in the store of the witness to put them in; that witness rented the store room to him, and loaned him some goods boxes, and he came that day with the goods, &c.

· The defendants excepted to this evidence, but it was admitted by the Court.

Verdict for the plaintiffs; Rule for a new trial; Rule discharged, Judgment and Appeal.

*Phillips and N. McKay,* for the appellants.
*Fuller and Merrimon, contra.*

PEARSON, C. J. That part of the testimony of Cook, in which he says: "Jernigan stated that he had bought some goods of Mr. Haywood" was not admissible, and it was error not to rule it out. This was *a mere collateral declaration, as to a past transaction,* and cannot, in any point of view, be considered as a part of the act, to-wit: that Jeringan went to Cook, and rented from him the front part of the store, and borrowed some boxes to put goods in, and came that day with the goods. His saying, "he wanted to rent the store to put some goods in," was a part of the act, but what he said about having bought the goods of Haywood, although it occurred at the same time, was accidental and collateral: and its truth or falsehood depended entirely upon his personal veracity. The ruling in *State* v. *Dula,* Phil. 211, and the reasoning in that case is so apposite to this question, that it is unnecessary to do more than to adopt it as our opinion in this case. The only difference is, that there the collateral declaration followed, here it preceded, the act, and, on that account, it was rather more difficult to separate it; but the principle is the same, and it was the duty of the Court to separate it, and rule it out, so that the jury should not give any weight to it.

For this error, there must be a *venire de novo.* It is not necessary to notice the other points.

PER CURIAM.                              *Venire de novo.*