JOHN D. BROWN v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 18 March, 1908).

1. **Damages—Declarations, when Competent—Personal Injury—Subsequent Suffering—Evidence.**
   While the declaration of the plaintiff, in a suit for damages for personal injury, is not competent evidence when given by another witness, it is not objectionable when given by the plaintiff in person, and he will be permitted to testify that since the injury was inflicted he had suffered from extreme nervousness and "nightmares."

2. **Damages—Declarations, when Competent—Personal Injury—Subsequent Suffering—Evidence—Expert.**
   Evidence is competent tending to show that, since the injury complained of, and not before, the plaintiff has suffered from nervousness and excessive "nightmares," as corroborative of the expert evidence of a physician regarding the effects of the bodily injury received.

3. **Appeal and Error—Assignment of Error—Abandoned—Brief.**
   An assignment of error, on appeal to the Supreme Court, not stated in the brief of appellant will be deemed abandoned.

ACTION for damages for personal injury, tried before *Biggs, J.,* and a jury, at September Term, 1907, of NEW HANOVER.

Defendant appealed. The facts are stated in the opinion of the Court.

*Bellamy & Bellamy* and *Herbert McClammy* for plaintiff.
*J. D. Bellamy & Son* for defendant.

BROWN, J. The plaintiff was conductor of a train, and seriously injured in a head-on collision between his train and another train on defendant's railway. The defendant admits its liability and states three assignments of error, relating exclusively to the issue as to damages.

1. The plaintiff, examined in his own behalf, was permitted to testify that, since the collision, in addition to the bodily injury received, he suffered from extreme nervousness and

"nightmares." He was asked to describe the nightmares, and defendant objected. Witness says: "I had collisions and terrible happenings like that, and would have to be waked by somebody else, and sometimes would find myself jumping, and it would throw me into such a nervous condition I couldn't go to sleep for hours." Q. "How frequently have they troubled you since last July?" A. "I suppose they would average two or three times a week." Q. "Did you ever, previous to your trouble that occurred on the train that night, have any trouble similar to the one you have detailed to the jury since that night?" A. "I have not." (Objection to this last question and answer sustained). Q. "What was the condition of your health previous to that accident?" A. "I was a sound, healthy man."

The testimony admitted by his Honor is not the declaration of the injured party, made *post litem motam,* offered in evidence through the medium of another witness, and generally held to be inadmissible. 3 Wigmore, 1722; *Chapin v. Inhabitants of Marlborough,* 75 Mass., 244. The authorities cited by the learned counsel for defendant apply to such declarations, and not to the direct personal testimony of the injured party himself. The evidence of the physician examined tends to prove that, as a direct consequence of the blow on the head and the other physical injuries received in the "wreck," the plaintiff suffered from serious nervous derangement, called traumatic neurasthenia. It was, therefore, competent to prove by the plaintiff, as corroborative of the medical theory, the physical manifestations of such disease and how it affected him, for the purpose of establishing the nature, character and extent of his injuries. 13 Cyc., 194.

2. The plaintiff's wife was permitted to testify as follows: "On an average of three or four times a week I have to arouse him from sleep on account of those terrible nightmares. He suffers terribly with that limb and deafness in one ear. It did not occur before the accident." Q. "Did you notice any

of those troubles before the accident?"   A.  "No, sir; none at
all."   Q.  "You say he suffers from them frequently?"   A.
"Yes, sir."   Q.  "State to his Honor and the jury what the
character of those nightmares is—how they manifest them-
selves."   (Objection by defendant overruled).   A. "He hol-
lers out and seems to be in a stupor.   Calling him doesn't
arouse him at all.   I have had to go to him and shake him—
move him around—before he aroused from them."

The same observation applies to this assignment of error as
to the first.   The testimony does not consist of declarations of
the plaintiff constituting in any degree a narrative of a past
transaction.

It is the testimony of the wife of what she observed herself,
and not what she heard her husband say, and tends strongly to
corroborate the medical expert that plaintiff suffered from
nervous disorder.

3. The third and last assignment of error, relating to the
charge of the court, is not stated in the brief, and is, therefore,
deemed to be abandoned.   We have, nevertheless, examined
the instructions given the jury upon the issue of damage, and
find them to be a very lucid and correct exposition of the law
as laid down by this Court in repeated decisions.   *Wallace v.
Railroad,* 104 N. C., 449; *Ruffin v. Railroad,* 142 N. C., 129.

No Error.