ATLANTIC FRUIT DISTRIBUTORS, INC., v. JOHN R. FOSTER ET AL., TRADING AS FOSTER & CAVINESS.

(Filed 5 May, 1915.)

**1. Evidence—Vendor and Purchaser—Fruits—Heated Cars.**

In an action to recover the contract price for a car-load shipment of bananas, where the defense is that the plaintiff had failed to perform his contract by not properly loading the fruit and ventilating it in the car, so that it arrived overripe, and not in a merchantable condition, testimony of the defendant's witness familiar with the trade and the packing and shipment of bananas, that it was not customary to give bananas heat in the car, is competent to controvert the plaintiff's evidence that the bananas had been properly loaded in a heated car.

**2. Evidence—Vendor and Purchaser—Fruits—Car-load Shipments—Messenger—Appeal and Error—Harmless Error.**

Where the defendants resist payment for a car-load shipment of bananas on the ground of improper loading and their receipt in worthless condition, exceptions to testimony of the defendant relating to the duty of a messenger accompanying the shipment becomes immaterial when it appears that no one accompanied the shipment in question.

**3. Vendor and Purchaser—Car-load Shipments—Fruit—Preparation for Shipment.**

It is the duty of the seller to properly prepare a car-load shipment of merchandise (bananas in this action), and should the shipment arrive to the consignee in a damaged condition for his failure to have done so, he is liable for the proximate damages.

**4. Instructions—Unrelated Phases—Appeal and Error—Harmless Error.**

Where the action is to recover upon a contract of sale of merchandise, and the issue is made to depend upon whether the plaintiff failed in his duty to properly prepare the merchandise for shipment (in this case bananas), an instruction clear and explicit upon the issue, but obscure upon an irrelevant and unrelated phase of the evidence, is harmless error.

APPEAL by plaintiff from *Devin, J.,* at November Term, 1914, of GUILFORD.

Civil action brought to recover $259.32, the price of a car-load of bananas which the plaintiff alleges it had sold to the defendants. There was a verdict and judgment for the defendant. The plaintiff appealed. The following was the issue: "Are the defendants indebted to the plaintiff, and if so, in what amount? Answer: Nothing."

*C. L. Shuping for plaintiff.*
*Charles A. Hines for defendant.*

BROWN, J. The evidence tends to prove that on 21 February, 1914, the plaintiff and defendants entered into a contract for the sale of a carload of bananas for the sum of $259.32. The defendants admitted the purchase, but alleged that under the terms of the contract the bananas were to have been shipped from Baltimore properly loaded and packed, and that the plaintiff agreed to protect the shipment through to Greensboro, either by messenger or by having the car properly ventilated.

The defendants alleged that the car was improperly loaded and not ventilated; that all the vents were closed, in consequence of which the bananas became overheated en route, and when they arrived in Greensboro they were overripe, decaying, and not in a merchantable condition.

We will notice only such assignments of error as are commented on in the plaintiff's brief. The plaintiffs excepted because his Honor permitted the witness Foster to testify that in shipping bananas it is not the custom of the trade to give a car heat before it is moved, and also in permitting the same witness to testify what the duties of a messenger were, had one accompanied this car.

The plaintiff's witness De Giorgie had testified that the car had been given a certain amount of heat. It was, therefore, competent for the defendants, in order to controvert this testimony, to show, if they could, by one familiar with the trade and the packing and shipping of bananas, that it was not customary to give bananas heat. 17 Cyc., p. 75; Wigmore on Evidence, sec. 2053.

As to the other exception, we regard that as utterly immaterial, as to what a messenger's duties were, since the evidence shows that no messenger accompanied the car.

The plaintiff excepts to the following part of his Honor's charge: "Or, if you find that the plaintiff undertook to and did select the car, and packed the bananas for shipment, and you further find that the plaintiff failed to exercise the precautions usual to the trade in the shipment of bananas, and you find that by reason of such failure the bananas arrived in damaged condition, and the fruit was unmerchantable—if you find those to be the facts, the defendant would not be liable for this shipment of bananas, and you would answer the issue 'No' or 'Nothing.'"

The charge seems to be in accordance with the recognized principles of law regulating the duty of the seller in preparing goods for shipment.

In 25 A. and E. Enc. (2 Ed.), at p. 1072, it is said: "It is the seller's duty to prepare the goods for shipment and to deliver them to the carrier in a merchantable condition, and in delivering to a carrier he must take the usual precautions for insuring a safe delivery to the buyer and for holding the carrier liable in case of loss or damage." Benj. on Sales (16 Am. Ed.), sec. 693; *Bull v. Robinson,* 10 Exch., 342; *Finn v. Clark,* 12 Allen (Mass.), 522.

The plaintiff excepts to the following instructions: "If you find they performed the contract as agreed upon, and that they delivered the amount that was called for in the order, they would be entitled to recover the contract price thereof. If they failed to comply with their contract, the plaintiff would not be entitled to recover anything. There is one view of it—I don't know—there is no evidence to support that—but whether a partial compliance of it, that is as to quantity of goods on the car, but I do not recall any evidence as to the quantity thereon, except the testimony in behalf of the plaintiff that it was $259.32."

As there can be no complaint as to the general instruction in the first part of this charge, the error complained of must be in the language used in the last five lines of it. The language is not very explicit, but it is evidently harmless. The entire charge is a clear expression of the law as bearing upon the rights of the vendor and vendee, and the duty resting upon the former in regard to the preparation of the bananas for shipment.

The case was made to depend upon the question as to whether the plaintiff performed the contract on its part. If the plaintiff failed to do so, then, if the bananas arrived at Greensboro in the condition described by some of the witnesses for the defendant, and such condition arose from a failure of the plaintiff to perform the contract upon its part, then it is plain that the defendants were not required to accept the fruit, and could not be held liable for the contract price.

No error.