GEORGE SOLOMON v. J. A. KOONTZ, TRADING AS LIBERTY TAILORS.

(Filed 15 April, 1925.)

**Negligence—Evidence.**

In this action to recover damages for the negligent injury to plaintiff's hand caused by a burn, the defendant's objection to the explanation of the plaintiff that he had kept his hand tied up to keep people from worrying him, is untenable.

APPEAL by defendant from *McElroy, J.,* at November Term, 1924, of FORSYTH.

Civil action to recover damages for personal injuries. Plaintiff was employed by defendant as a cleaner and presser of clothes. While engaged in the performance of his duties as such employee, plaintiff was burned about the face and hands by the sudden ignition of gas and

fumes arising from gasoline which he was using in his work. This work was done in a small room, in which it was necessary for plaintiff to use an artificial light. Defendant had furnished for this purpose, an electric light shortly before the injury to plaintiff. This electric light had been disconnected, as a result of the burning of an adjoining building. This fact was brought to the attention of defendant by plaintiff and defendant directed plaintiff to use a kerosene lamp, then in the shop, promising him that he would have the electric light fixed in a few days. Relying upon this promise, plaintiff, although aware of the danger, used the lamp as directed. The gas and fumes were ignited by the flame from the lamp, and plaintiff thereby injured.

The foregoing are the facts as found by the jury. From the judgment, that plaintiff recover of defendant the sum of $3,500 as damages assessed by the jury, defendant appealed.

*Manly, Hendren & Womble and L. B. Wall for plaintiff.*
*Raymond G. Parker and L. V. Scott for defendant.*

PER CURIAM. No exceptions to the charge of the court to the jury appear in the statement of case on appeal. The charge is set out in full. It is in all respects full, clear and correct. No errors are assigned to instructions as given, or to failure to give proper instructions upon essential matters involved in the controversy.

Plaintiff, testifying as a witness in his own behalf, was asked the question: "Why do you use that cloth on your hand?" Defendant's objection to this question was overruled. Defendant excepted. Plaintiff replied: "To keep everybody from worrying me about what is the matter with my hand. Some ask me if I had the leprosy, and then I have to go to work and explain it all—how it was done—when I have time to talk." Plaintiff had testified that his hands were burned by the flames and that the skin had peeled off; that he could not use his hands with any satisfaction. There was no motion to strike out the answer or any part of it. Defendant's assignment of error based on this exception cannot be sustained. Both question and answer were competent as tending to show that plaintiff's hand was burned as alleged and contended. The interesting question discussed in defendant's brief as to whether plaintiff could recover for humiliation resulting from a deformed hand does not arise upon the record. The competency of the evidence does not depend upon the answer to this question.

We have examined the other assignments of error. They are not sustained. The verdict of the jury has been rendered upon competent evidence, and the judgment must be affirmed. There is

No error.