CITIZENS NATIONAL BANK v. FLORIDA-CAROLINA ESTATES, INC., AND H. WALTER FULLER.

(Filed 18 March, 1931.)

1. **Trial B c—Exception to admission of evidence will not be sustained where evidence of identical import has been admitted without objection.**

    Exceptions to the admission of certain evidence upon the trial will not be sustained when testimony of substantially identical import has been introduced without objection.

2. **Trial E c—Exception to charge on ground that it over-emphasized issue is not sustained under facts of this case.**

    Where the determination of the controversy admittedly depends upon the jury's answer to an issue of fraud, exception to the charge of the

court on the grounds that it unduly emphasized this issue will not be sustained on appeal when the record does not disclose that the trial judge abused his discretion in the manner of arraying contentions or stating propositions of law.

3. **Trial E f—Mistake in stating contentions of party should be brought to judge's attention in time for him to correct same.**

Where the trial judge incorrectly states the contentions of the parties it is the duty of the party claiming error therein to call it to his attention in order to afford him an opportunity for correction.

4. **Trial E h—Trial court may recall jury and give additional instructions in its discretion.**

The mere fact that the trial judge recalled the jury of his own motion to give them additional instructions after the case had been given them, and in the absence of counsel, is no ground for exception where there is no contention that the supplemental instructions were erroneous in law.

CIVIL ACTION, before *Schenck, J.,* at May Term, 1930, of HEN-DERSON.

The plaintiff instituted an action against the defendants upon a promissory note claiming a balance of $5,724.20. The defendants admitted the execution of the note, but alleged in substance that the note was procured for the purpose of paying a check issued on 24 April, 1926, by the Fleetwood of Hendersonville Hotel Corporation, when, as a matter of fact, at the time the original note was executed, the check had been paid; that the plaintiff had procured said note "upon misrepresentation in relation thereto which induced the defendants to execute said note," and that said original note was executed "by reason of wrongful and incorrect representations of said officers and without any cause whatever." When the case was called for trial the defendants admitted that they were severally and jointly indebted to the plaintiff in the sum of $5,724.20 with interest from 23 August, 1927, "unless the issue of fraud was answered in their favor."

The following issues were submitted to the jury:

1. "Did the plaintiff, The Citizens National Bank, procure the note of the defendant, Florida-Carolina Estates, Incorporated, endorsed by the defendant, H. Walter Fuller, for $7,614.40, dated 7 May, 1926, and the notes in renewal thereof, by the false and fraudulent representation that a check of the Fleetwood of Hendersonville Hotel Corporation, for $7,614.40 (including protest fees), was not paid on said date, namely, 7 May, 1926?"

2. "Is the plaintiff, Citizens National Bank, entitled to recover of the defendant, Florida-Carolina Estates, Incorporated, and H. Walter Fuller, the sum of $5,724.20 with interest from 23 September, 1927, as alleged in the complaint?"

16—200

3. "Are the defendants, Florida-Carolina Estates, Incorporated, and H. Walter Fuller, entitled to recover of the plaintiff, Citizens National Bank, the sum of $6,375.48, with interest from 7 May, 1926, less $5,724.20, with interest from 23 September, 1927, to wit, $1,287.52, as alleged in the answer and further defense?"

The jury answered the first issue "No," and the second issue "Yes."

From judgment upon the verdict the defendants appealed.

*Ewbank, Whitmire & Weeks for plaintiff.*
*Shipman & Arledge and J. W. Pless for defendants.*

PER CURIAM. Exceptions 1, 2, 3, 4 and 5 are taken to certain questions and answers with respect to indebtedness due by the Laurel Park Estates to the Fleetwood of Hendersonville Hotel Corporation. These exceptions cannot be sustained. While technically the questions might not have been competent, it appears upon the record on page twenty-three the defendant Fuller was asked substantially the same questions without objection, in which he stated that the Fleetwood of Hendersonville Corporation claimed that the Laurel Park Estates was indebted to it. Furthermore it appears that the Fleetwood Corporation and Laurel Park Estates were for all practical purposes interlocking corporations.

Other exceptions are addressed to the charge of the court on the issue of fraud. Such exceptions are based upon the theory that the trial judge unduly emphasized the issue of fraud, but the record discloses that there was no exception to submitting an issue of fraud and that the defendants admitted liability unless "the issue of fraud is answered in their favor." Thus, fraud constituted the defense relied upon to defeat recovery, and there is nothing in the record to indicate that the trial judge abused his discretion in the manner of arraying contentions or stating propositions of law.

Exception was also taken to the statement of a contention by the trial judge with respect to two checks which were marked Exhibits H and I. If the trial judge stated the contentions incorrectly, it was the duty of the defendant to call his attention to the matter in order that he might have an opportunity to make necessary corrections.

Exception was also taken to the fact that the trial judge of his own motion recalled the jury and gave additional instructions during the absence of counsel. It is not contended that the supplemental instructions were incorrect. Hence, it cannot be said, as a matter of law, that it is error for a judge to recall a jury in his discretion and to give such additional instructions as he may deem wise and proper.

A careful examination of the record and briefs fails to convince the Court that error was committed in the trial.