19846.   ELLISON *v.* THE STATE.

DECIDED JULY 31, 1929.

*Lester C. Dickson,* for plaintiff in error.

*Claude C. Smith, solicitor-general,* contra.

BLOODWORTH, J. 1. Though a portion of the excerpt from the charge embraced in ground 1 of the motion for a new trial was inaptly expressed, a new trial is not required because of this slight error, as it is not likely that the jury were misled thereby.

2. The court is alleged to have "erred in failing to give in charge to the jury the rule of the road as set out in § 828(ee), and in that connection should have charged the jury" a certain proposition of law. It is not alleged that there was any written request made for such instructions. It is not even alleged in the ground that § 828(ee) is a part of the law of Georgia. Indeed, if such a request had been made in writing it would have been too indefinite for the judge to consider it. Moreover, this ground does not show "that the instructions which it is alleged the court failed to give were adapted to the facts of the case and were authorized by the evidence adduced." See, in this connection, *Brazil* v. *LaGrange, 37 Ga. App.* 500 (140 S. E. 782) ; *Eunice* v. *State, 38 Ga. App.* 357 (2) (143 S. E. 925). If fuller instructions were desired, they should have been requested as provided by § 1087 of the Penal Code and § 6084 of the Civil Code.

3. Ground 3 of the motion for a new trial was not approved by the judge.

4. Ground 4 of the motion is too indefinite for consideration by this court. See what is said in paragraph 2 above.

5. No error was committed when the court allowed the witness Roberts to testify that his opinion was that "the left-hand side of the car was about eight inches up on the cement, and the rest of the car was off on the dirt." This was objected to as "seeking to put in the record the opinion of the witness." The witness gave the facts upon which his opinion was based. In *Peterson* v. *State, 47 Ga.* 524, Judge Montgomery said (p. 529) : "Whatever language a witness may use, if he is evidently testifying about his

recollection of facts as he saw or heard them, the evidence is admissible." In *Riggins* v. *Brown*, 12 *Ga.* 271, the 2d headnote is as follows: "Opinions of a witness are competent when the facts on which they are founded are stated." See *Franklin* v. *Mayor &c. of Macon*, 12 *Ga.* 257 (2); Civil Code, § 5874.

6. Ground 6 of the motion is merely an amplification of the general grounds.

7. There is no merit in that ground of the motion based upon alleged newly discovered evidence.

8. The evidence supports the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*