WILLIAM S. LAMBERT v. CHARLES CARONNA.

(Filed 20 June, 1934.)

**1. Appeal and Error F b—**

An exception to the admission of certain testimony in this case held waived by admission of other testimony by the witness on the same subject without objection.

**2. Evidence K a—Nonexpert may testify from observation that shoulders of road were wide enough to park car and as to direction of skid marks.**

The admission of testimony of a witness in response to questions by the court to the effect that in witness's opinion the shoulders of the road at the scene of the accident were sufficiently wide to park a car on, and that the skid marks on the highway pointed towards defendant's car, and as to the position of the car when struck as indicated by the skid marks, is held not error, it being competent for a nonexpert witness to testify from observation as to facts observed and inferences therefrom which are so usual and natural, or instinctive as to accord with general experience.

**3. Automobiles C e—Flat tire will not excuse parking of car on hard surface where shoulders of road are sufficiently wide.**

The charge of the court upon the law prohibiting the parking of cars upon the hard surface of a highway where the shoulders of the road are sufficiently wide, N. C. Code, 2621(66) (a), will not be held for error for the failure to instruct the jury upon the provision in subsection (c) of the act exempting from its operation cases where a car is disabled in such a manner as to make it impossible to avoid parking it temporarily on the hard surface, where the defendant's only evidence in excuse of such parking was that he had a flat tire, such evidence being insufficient to bring defendant within the exception.

**4. Same—Parking on highway in violation of statute is negligence and contributory negligence in failing to avoid collision held for jury.**

The parking of a car on the hard surface of a highway at night without a tail light in violation of N. C. Code, 2621(66); (89) (a); (94), proximately causing personal injury to plaintiff and damage to his car when the car plaintiff was driving collided with the rear of defendant's parked car, is sufficient to sustain the jury's affirmative answer upon the issue of actionable negligence, and the question of defendant's contributory negligence in failing to see the parked car under the circumstances in time to have avoided the collision, was also properly submitted to the jury.

**5. Appeal and Error F b—**

Defendant's exception and assignment of error to the court's charge on the issue of damages held fatally defective as a "broadside" exception in failing to specifically point out the matter complained of.

**6. Appeal and Error J e—**

The court's charge to the jury in this case held not to contain reversible or prejudicial error warranting a new trial, the charge being construed as a whole.

**7. Trial G d—**

An affidavit in regard to what a juror said in the jury room while discussing the case is held incompetent to impeach the verdict under the rule that jurors may not impeach their own verdict.

SCHENCK, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Sinclair, J.,* and a jury, at October Term, 1933, of CUMBERLAND. No error.

This is an action brought by plaintiff against defendant for actionable negligence alleging damage. The defendant denied negligence and set up a counterclaim for actionable negligence against plaintiff alleging damage.

The issues submitted to the jury and their answers thereto were as follows:

"1. Was the plaintiff injured through the negligence of defendant, as alleged in the complaint? Answer: Yes.

2. Did plaintiff by his own negligence contribute to his injury, as alleged in the answer? Answer: No.

3. What amount, if any, is plaintiff entitled to recover of the defendant? Answer: $5,000.

4. Was defendant injured through the negligence of the plaintiff, as alleged in the answer? Answer: No.

5. Did defendant, by his own negligence, contribute to his own injury, as alleged in the reply? Answer: Yes.

6. What amount, if any, is defendant entitled to recover of the plaintiff? Answer: ............."

The defendant made numerous exceptions and assignments of error and appealed to the Supreme Court. The material ones and necessary facts will be set forth in the opinion.

*Dye & Clark for plaintiff.*
*Downing & Downing and W. E. Kindley for defendant.*

CLARKSON, J. The evidence on the part of plaintiff was to the effect that he was a sergeant in the United States Army and had been in the Army for over a quarter of a century. At the time of the injury complained of, he was 59 years of age. On 31 March, 1933, he was on his way from Fayetteville to Fort Bragg between 10 and 11 o'clock at night, driving at a moderate rate of speed, a Chrysler car, 1930 model. There was quite a bit of traffic as it was pay day. He had to tip his

lights frequently to keep from blinding people. Close to the Non-commissioned Officers Club, he had just met a car and was going down a straight incline of the road, had to tip his lights down and on that account was very careful. He was on the right-hand side of the concrete highway (18 feet wide), the rear end of a car loomed up right in front of him, it appeared to be stopped, he was close to it, taking his foot off the accelerator, he tried to throw the car over, but he did not have time until he was almost upon it, and his car struck the rear end of the car and knocked it a considerable distance. His left knee was injured and his head went forward and knocked the windshield out and gave him a severe lick on the head and cut his nose. He was knocked into a kind of daze. It was very dark, he saw no lights on the parked car, just the back of the car loomed in front of his headlights. The car that he struck appeared to him "right square on the hard surface." He was not driving over 30 or 35 miles an hour, "was driving slowly and carefully," was not in a hurry and had driven a car about 12 years. His car was seriously damaged and his estimate as to the amount of damage was $250.00. He remained in the hospital from 31 March, to 4 May.

As to his injury, plaintiff testified, in part: "I can walk fairly good but can't take up a double time, as we call it in the Army. If I have to hurry and take up double time, I can't do that. I have done no mounted duty and was excused from mounted duty. . . . We were to go out on range and I was detailed to go out and I mounted a gentle horse, but it was rather difficult to pull myself up with that leg, but ordinarily I can walk fairly well. It takes spells of popping. It pops every time I bend my knee. . . . My duties require me to ride a horse in any mounted organization. Have been in the present mounted organization that I am now in, since March, 1922. I have to reënlist the 12th of next April before I can be retired. To reënlist, I have to undergo a physical examination."

The testimony of plaintiff as to the fact that he had to reënlist the 12th of April before he could be retired and to reënlist, he had to undergo a physical examination was unobjected to by defendant. The subsequent testimony along the same line, explanatory to the above, was objected to by defendant and assignments of error duly made. We do not think that they can be sustained.

We do not think that the evidence objected to is materially different from that unobjected to. In *Shelton v. R. R.*, 193 N. C., 670 (674), it is said: "It is thoroughly established in this State that if incompetent evidence is admitted over objection, but the same evidence has thereto-fore or thereafter been given in other parts of the examination without objection, the benefit of the exception is ordinarily lost." *Nance v.*

*Fertilizer Co.,* 200 N. C., 702 (708); *Bateman v. Brooks,* 204 N. C., 176 (185).

Corporal Henry E. Welch, a witness for plaintiff, testified, in part: "The skid marks showed that the right wheels of the Pontiac (defendant's car) were sitting about an inch to the left of the right-side of the hard surface road on the pavement."

Major Philander C. Riley, a witness for plaintiff, testified, in part: "The car was sitting at 10 feet from the side of the road and looked as if it had been violently struck in the rear. The skid marks that I saw were about 18 inches to two feet long. They were heavy skid marks." Questions by the court: "Q. Were they tire marks upon the hard surface? Answer: I took them for such. Q. Would the marks indicate that all four wheels or all four parts of the wheels were on the hard surface? Answer: I would judge all four wheels, sir. The first skid mark I would judge, was about 10 inches from the east edge of the hard surface, there were two parallel skid marks, about 5 feet apart. The western skid mark was about 5 feet, 10 inches from the eastern side of the road. They were parallel marks about 5 feet apart. Q. Did those skid marks point toward or away from the car you saw that had been wrecked? Answer: I would say that they pointed towards the car, I judge. Question by the court: Q. What do you mean when you say you judge, do you mean that is your opinion? Answer: Yes, sir. Statement by witness, will say: In my opinion it was in the direction in which the car was headed. I observed the shoulders of the road at that point. Without any doubt they were wide enough to drive a car on and get all four wheels completely off without any drop to the side. I would say that they were approximately 8 feet wide."

To the foregoing questions and answers, the defendant objected and assigned errors. We do not think that they can be sustained. In *Kepley v. Kirk,* 191 N. C., 690 (694), we find: "The witness knew the road and was familiar with the conditions and could state the facts from personal observation. 'Where an inference is so usual, natural, or instinctive as to accord with general experience, its statement is received as substantially one of fact—part of the common stock of knowledge.' 22 C. J., p. 530, citing numerous North Carolina cases."

In *Willis v. New Bern,* 191 N. C., 507 (514), citing numerous authorities it is said: "In addition, a nonexpert witness who has observed a place, can from his observation and acquaintance, testify as to such matters of fact depending on his ordinary powers of observation."

N. C. Code, 1931 (Michie), section 2621(66) (a) and (c) are as follows: "(a) No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main

traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off the paved or improved or main traveled portion of such highway: *Provided,* in no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of said highway, opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of two hundred (200) feet in both directions upon such highway: *Provided, further,* that in no event shall any person park or leave standing any vehicle whether attended or unattended upon any highway bridge."

"(c) The provisions of this section shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such vehicle in such position."

The court below charged the law fully as set forth under (a) *supra.* Defendant contends that the court below omitted to charge the law under (c). We see no error in the exclusion of (c) in the charge. The entire evidence of defendant was that he had a "flat tire," a "puncture." The tire was deflated and it was necessary for him to stop, in so doing, he should have complied with the rule of the road (a), *supra,* the evidence in no way brought him under the provisions of (c). No one testified the Pontiac was disabled in any manner except by a flat tire, or that it could not have been stopped so as to leave fifteen unobstructed feet for the passage of the Chrysler. The defense below was that 15 or more feet were in fact left clear on the hard surface. But this defense the jury ignored by the verdict.

N. C. Code, 1931 (Michie), 2621(89) (a), is as follows: "(a) When vehicles must be equipped. Every vehicle upon a highway within this State during the period from a half hour after sunset to a half hour before sunrise and at any other time when there is not sufficient light to render clearly discernible any person on the highway at a distance of two hundred feet ahead, shall be equipped with lighted front and rear lamps as in this section respectively required for different classes of vehicles and subject to exemption with reference to lights on parked vehicles as declared in section 2621(94)."

Section 2621(94), is as follows: "Whenever a vehicle is parked or stopped upon a highway whether attended or unattended during the times mentioned in section 2621(89), there shall be displayed upon such vehicle one or more lamps projecting a white light visible under normal atmospheric conditions from a distance of five hundred feet

to the front of such vehicle and projecting a red light visible under like conditions from a distance of five hundred feet to the rear, except that local authorities may provide by ordinance that no lights need be displayed upon any such vehicles when parked in accordance with local ordinances upon a highway where there is sufficient light to reveal any person within a distance of two hundred feet upon such highways."

The evidence on the part of plaintiff was to the effect that defendant had no tail light burning. In *Williams v. Express Lines,* 198 N. C., 193 (193-4), it is held: "Evidence tending to show that the plaintiff's automobile collided with defendant's truck parked partly across the highway on a dark night without a tail light in violation of statute, causing personal injury to the plaintiff and damage to his car, is sufficient to sustain an affirmative answer upon the issue of defendant's actionable negligence.

"Contributory negligence of the plaintiff will not be held to bar recovery as a matter of law when an inference in his favor is permissible from the evidence, and in this case where the defendant had parked its car on a dark night upon the side of the highway without a tail light, and there is a reasonable inference that under the existing conditions the plaintiff could not have seen the truck in time to have avoided the injury, in the exercise of ordinary care, the question of contributory negligence upon the issue is for the determination of the jury."

On the issue of damage, we think the exceptions and assignments of error a "broadside." In *Rawls v. Lupton,* 193 N. C., 428 (430), it is said: "In *Gwaltney v. Assurance Society,* 132 N. C., p. 930 (rehearing denied, 134 N. C., 552), construing this statute, this Court said: 'Each exception to the charge is required by the statute (The Code, sec. 550, now C. S., 643), to be stated separately in articles 'numbered,' and no exception should contain more than one proposition, else it is not 'specific,' and must be disregarded.'

"Errors must be specifically assigned. An 'unpointed broadside' exception to the 'charge as given' will not be considered. *McKinnon v. Morrison,* 104 N. C., 354. Exception to the charge of the court in general terms, not sufficiently specific to call the attention of the court to the particular point claimed to be erroneous, cannot be considered by an appellate court," citing a wealth of authorities.

In *S. v. Bitting, post,* 798, Stacy, C. J., again calls the profession's attention to the *Rawls case, supra.* Taking the charge as a whole, based on the evidence, if error, we do not think it such reversible or prejudicial error that would warrant a new trial.

The affidavit in regard to what was overheard—as to what a juror said in the jury room discussing the case, was incompetent to impeach

the verdict. *Baker v. Winslow,* 184 N. C., 1 (9), it is said: "In effect, allow jurors to impeach their own verdict, which they cannot do." *Lumber Co. v. Lumber Co.,* 187 N. C., 417 (418); *Campbell v. R. R.,* 201 N. C., 102 (108). In the judgment of the court below, we find

No error.

SCHENCK, J., took no part in the consideration or decision of this case.