LANIER *et al v.* COUNCIL.

No. 9981.  September 21, 1934.  Rehearing denied September 28, 1934.

*Dykes & Dykes,* for plaintiffs in error.

*R. L. Maynard* and *Jule W. Felton,* contra.

Russell, C. J.  ■ The first headnote requires no elaboration.

■ The petition prayed for injunction to restrain a sale of certain real estate in the City of Americus, under power of sale in a security deed, on the one allegation that the deed was given only to secure any and all indebtedness of the Planters Bank of Americus to Frank Lanier or the Americus Grocery Company, and not to secure any indebtedness of C. M. Council or any other person to the Americus Grocery Company or any one else. Certain amendments to the petition were allowed, to which reference need not be made, because they are not insisted upon or supported by evidence in the course of the trial. However, the plaintiff insisted upon and adduced evidence in support of that portion of the amendment allowed on May 23, 1932, in which he contended that he was entitled to a credit of $20,000, because of a verbal agreement and settlement

with Frank Lanier individually and as president of the Americus Grocery Company. To this amendment the defendants filed a demurrer and written objections, which were overruled and the amendment allowed. At the conclusion of the evidence the court submitted only three questions to be answered by the jury, their answers to these questions to constitute the verdict. The questions, with the answers of the jury, are as follows: (1) "Do you find that the security deed dated November 23rd, 1927, from C. M. Council to Frank Lanier, should be reformed by striking out the printed paragraph in such deed, which reads as follows: 'This conveyance is also made with the understanding that it shall operate as security for any and all renewals of the indebtedness herein described, and shall also operate as security for any and all other indebtedness which the grantor may owe, or may hereafter owe, to the grantee, before the surrender and cancellation of this deed by the grantee, or its or their assigns, successors or assigns?'" Answer: "No." (2) "Do you find that it was the intention of the parties that the second contract of guaranty, dated November 23rd, 1927, should cancel the first contract of guaranty, dated November 1st, 1926?" Answer: "No." (3) "Do you find that C. M. Council should be allowed credit for the difference between the price $10,300, at which the Montgomery property was bid in by Frank Lanier at public sale, and the $20,000 at which it was sold through private sale by said Frank Lanier to Wilson Brothers?" Answer: "Yes."

It will be observed that the answers to the first two questions are in favor of the defendants. Upon the return of the verdict the judge, construing guaranties 1 and 2 as well as the security deed, held as matter of law that the deed did not secure any indebtedness of C. M. Council or of the Planters Bank of Americus, or any indebtedness by which Council had become personally liable to the Americus Grocery Company or Frank Lanier, and granted a perpetual injunction denying the right of the plaintiffs in error to subject the property to sale. In the same decree he entered judgment in favor of the Americus Grocery Company against the Planters Bank for the sum of $5,819.53, on two separate items involved in the litigation, and decreed that the balance due on certain executions of the Americus Grocery Company against C. M. Council should be credited with the difference between the sum of $9,700, which was bid on the Montgomery property, and $20,000 which the Wilsons agreed to pay Frank Lanier for this property.

The first contract of guaranty was as follows: "L. G. Council, Prest. C. M. Council, V.-Prest. & Cashier. T. E. Bolton, Asst. Cashier. J. E. Kiker, Asst. Cashier. The Planters Bank of Americus. Capital, Surplus, and Profits $350,000. Americus, Ga., Nov. 1, 1926. We individually and collectively guarantee to Frank Lanier or the Americus Grocery Company against any loss they might sustain against the Planters Bank, or either or both of us. [Signed] L. G. Council, C. M. Council." The second contract of guaranty, dated November 23, 1927, was as follows: "Georgia, Sumter County. In order to better secure Frank Lanier individually, and the Americus Grocery Company, a corporation of Sumter County, Georgia, we, L. G. Council and C. M. Council, jointly and severally obligate ourselves to pay to both or either Frank Lanier or Americus Grocery Company any and all claims for which either of them may become responsible because of the endorsement of any note, check, draft, bill of exchange or other obligation of any kind whatsoever signed by or assumed or guaranteed for the Planters Bank of Americus. We personally assume the payment of and agree to pay to the said Frank Lanier and the Americus Grocery Company, or either of them, any and all claims which may arise in any manner whatsoever, up to the sum of $50,000, by virtue of the payment of, or the assumption of the payment of, or the guarantee of any such papers by both or either of said parties for the Planters Bank of Americus. We have this day executed to said Frank Lanier a security deed for the purpose of securing this agreement, which deed is signed by each of us to the respective homes in which we live. In witness whereof, we have hereunto set our hands and affixed our seals this 23rd day of November, 1927. C. M. Council, L. G. Council."

In our opinion the court properly construed the guaranties and the security deed, which plainly give evidence that neither of the guaranties, nor the security deed, was intended to guarantee or secure any sums except such as might expose Frank Lanier or the Americus Grocery Company to liability in behalf of the Planters Bank; and the finding of the jury in support of the alleged credit or set-off in favor of C. M. Council was authorized by the pleadings and evidence. In the state of the record, it is immaterial and of no consequence "that the trial judge took this position after the verdict was made," as insisted by plaintiffs in error,

■ The first special ground of the motion for new trial deals with an alleged erroneous admission of certain testimony of C. M. Council. Since the jury found against the reformation of the security deed and adversely to the testimony of which complaint is made, it is apparent that the admission of the evidence was harmless, and could not possibly impress the jury adversely to the plaintiffs in error, as contended by counsel.

■ The second ground is as follows: "During the examination of C. M. Council by his attorney, in response to the question, 'Did you have any further negotiations with Mr. Frank Lanier?' and his answer, 'He told me he would give me credit for $20,000 on that sale; that was what he made the trade with Mr. Wilson for,' counsel for defendants urged an objection to this evidence on the ground that no consideration was shown flowing to Mr. Lanier for such agreement; and that a bald statement of that kind, without showing that some benefit flowed to the person to whom made, is illegal testimony and not permissible. Counsel for plaintiff sought to connect it up so as to make it permissible, by showing that the $20,000 was suggested as a credit by Mr. Lanier because of his failure to sell the property to Mrs. C. M. Council on a purported agreement testified to by C. M. Council that he, Lanier, would buy the property in, sell it to Mrs. C. M. Council for the amount that C. M. Council owed on the property, and make her a deed to it, and after he did not do that, but sold it to Wilson for $20,000, he would allow C. M. Council credit for the $20,000. The objection was renewed and a motion made to exclude all of the evidence so given, because there was no consideration for either of the agreements; and if it was shown for the purpose of showing accord and satisfaction for such amount, the same was not put into effect and could not be competent evidence. The court overruled the motion to exclude the testimony, and permitted Council to so testify. This evidence so admitted is found on pages seven and eight of the brief of evidence. Movant contends that the court erred in overruling his motion to exclude this evidence and admitting same, for the reason stated in the motion to exclude the same, to wit: there is no consideration shown in either of the agreements, (a) that C. M. Council remained away from the sale and permitted Lanier to purchase the property, and he would sell to Mrs. C. M. Council for the amount of the judgment, the principal sum of which is approxi-

mately $14,000, and (b) after the sale he would allow him a credit of $20,000, there being no consideration whatever for such agreements. Movant contends further that the agreement, if made to keep Council away from the public sale and not to bid, would be an agreement contrary to public policy, null and void, for any agreement to suppress and chill biddings at public sales is obnoxious to the law, though this reason was not urged in the objections at the time." It will be noted that the exception is to the court's overruling a motion to exclude certain testimony and permitting Council so to testify. The statement as to the evidence concludes by saying, "This evidence so admitted is found on pages seven and eight of the brief of evidence." It is obvious that under numerous rulings of this court this ground is so incomplete as to present nothing for the consideration of this court, unless we take an excursion into the voluminous brief of evidence. Under these rulings the evidence referred to should have been embraced in the ground of the motion. However, an examination discloses that there is neither page seven nor eight of the brief of evidence, for this part of the record starts on page 65 of the record, and includes page 109. Moreover, even if this ground were understandable and complete within itself, it is not well taken, because Lanier agreed to sell the property to Mrs. Council for what was due on it, if C. M. Council would not bid on it. Council complied with this agreement by absenting himself from the sale and neither bidding himself nor trying to get others to do so. In so refraining he suffered a detriment, which constituted a consideration. Thereafter a substitute contract was entered into, and Council swore that Lanier gave him a statement which showed that the substitute agreement had been performed, and that Lanier gave Council credit for $20,000. As to this point there was direct conflict in the evidence of Council and Lanier, and the jury upon this point apparently preferred the testimony of Council to that of Lanier.

■ In ground 3 it is alleged that "counsel for plaintiff introduced the following pencil memorandum shown on page 20 of the brief of evidence, to wit:

| | | | | |
|---|---|---|---|---|
| Plantation Company, | $26,063.68 | | | $52,490.09 |
| Taxes | 3,000.00 | Less Place, | | 20,000.00 |
| Dykes, | 500.00 | | | |
| C. M. C. | 15,626.41 | | | 32,490.09 |
| Bank, | 7,300.00 | Council Home | | 6 |
| | | | | 33,000.00 |

Counsel for movants objected to its admission, for the reason that it was not a contract, and there was no evidence that it closed up anything, and it was not material to the case. The court overruled the objection and admitted the memorandum in evidence. Movant contends that the court erred, for the reason stated in the objection; and it is now contended that the admission of the memorandum was highly prejudicial to the defendants. This ground is neither complete nor understandable. If taken as an excerpt from the brief of evidence, it purports only to be a pencil memorandum; but this paper may not have been inadmissible merely because it is not a contract, and still may have been, as a "pencil memorandum," competent testimony material in the case, whether it did or did not "close up anything." At least the assignment of error does not show that its admission was "highly prejudicial to the defendants" for the reason that it was improperly admitted. If properly admitted, the memorandum may have been "highly prejudicial," and yet the admission of the evidence would not be contrary to law.

■ Grounds 4, 5, 6, 7, 8, 9, 10, 11, and 20 are not complete each within itself, inasmuch as reference to the brief of evidence or some other part of the record is required as to each assignment before said grounds are understandable and complete.

■ Grounds 12 and 13 complain of the refusal of two requests for instructions to the jury. The court was requested to call to the attention of the jury a written obligation signed by L. G. Council and C. M. Council, dated November 1, 1926, and another writing of the same nature dated November 23, 1927, and to instruct the jury, in effect, how these writings should be contrued. Since it is the duty of the court to construe all contracts in writing unless they are ambiguous, and the two writings involved in this case are plain and unambiguous, the court did not err in refusing to give the requested instructions. The requested instruction was based upon a different construction of the obligations from that placed

on them by the court, and for this reason it was properly refused.

■ Ground 14 is a complaint of the court's action in relation to certain amendments, and of alleged error in overruling a demurrer, and falls under the ban of the ancient principle that rulings upon pleadings do not afford proper ground of a motion for new trial. We forbear citation of authority.

■ In ground 15 it is alleged that the judge prepared three questions which he stated to counsel he would submit to the jury for their answer, and that these questions and the answers thereto should constitute the form of the verdict. These questions are set out above. Movants objected to the submission of the third question, and contended that it was not one to be considered by the jury, for the reason that any agreement with reference to the allowance of the credit of $20,000, if made, was without consideration, and void. The court overruled this objection. The plaintiffs in error insist that the court erred; and that Council was not entitled to a credit of $20,000, there being no consideration for it except that based on an illegal contract to suppress bidding on the property. A contract or agreement to chill the bidding at a public sale may sometimes constitute fraud, or it may for other reasons be unlawful; but it is difficult to perceive how an agreement of Council not to bid upon the property at the sale in question could be fraudulent or illegal, in any aspect of the facts herein involved. It does not appear that his presence at the sale would have made the property bring more, but it is perhaps true that Council's inaction in failing to try to find bidders caused the property to bring less at public outcry than it otherwise would have. Moreover, the parties thereafter having, in a quasi accord and satisfaction, agreed to the credit of $20,000 as a substitute for the first agreement (that Lanier would buy in the property and let Mrs. Council have it at the same price payable in monthly payments), the second agreement was not illegal; nor was it one respecting the title of land, so as to be within the statute of frauds.

■ In ground 16 the plaintiffs in error complain of the following instruction to the jury: "I charge you that under the laws of this State, if you should believe by a preponderance of the testimony that, prior to this sale of this Montgomery property under this power of sale on the part of Mr. Lanier, there was such an agreement with reference to Mr. Council not bidding on the prop-

erty, and not interesting himself in getting others to bid on it, on the further alleged agreement that after the sale Mr. Lanier would sell the property back to the wife of C. M. Council for the amount of his indebtedness thereon; if you should believe that there was such an agreement, and that C. M. Council complied with it by not bidding on the property himself, or interesting himself to get others to bid on it, and if you should further believe that after the public sale of this property under this power of sale that Mr. Council approached Mr. Lanier for the purpose of having him carry out the terms of the alleged agreement by selling the Montgomery property to Mrs. C. M. Council, and further that Mr. Lanier then stated that he had an offer from Wilson Brothers to buy in the property at $20,000, and that if he, C. M. Council, would permit the matter to be given that direction, that he, Mr. Lanier, in turn would allow this credit of the difference as heretofore explained to you in this charge,—I say if you believe that to be the facts, then I charge you that the undertaking on C. M. Council's part, and agreement, if you believe there was such an agreement, that he would not bid on the property, and that he would not interest others in bidding on it, and after the sale of the property, when Mr. Lanier was approached, if you believe he was approached, and requested to carry out the terms of that alleged agreement, sale to Wilson Brothers, and allowing credit for the difference, then I charge you, under the law, that that would be sufficient consideration, under that state of facts, to support such an agreement on the part of Mr. Lanier." It is insisted that this charge was error, for the reason that the agreement between Lanier and Council, by which the latter would refrain from bidding and Lanier would buy the same in and sell to the wife of Council, would be a contract contrary to public policy, and therefore illegal and void. Being illegal and void, plaintiffs in error insist that it was not a legal consideration for any agreement between the parties, after the property was sold, to allow Council credit for $20,000 on his indebtedness. Under the ruling made in the preceding division, the court did not err in the instruction of which complaint is made.

██ ▪ There is no merit in the assignment of error in ground 17. The complaint is that the court did not properly construe the guaranty dated November 23, 1927. As we have ruled, the construction of these contracts of guaranty, and of the security deed in-

volved in this case, being solely for the court, and it appearing from the record that the judge did not submit the construction of these papers to the jury, but properly construed them himself, there is no merit in the assignment of error. The jury could not have been confused, as insisted, for the reason that the court only called upon the jury to decide three questions of fact, and restricted their finding to these three only.

■ In ground 18 it is complained that the judge restricted the jury to the three points to which we have just referred—(a) whether or not the security deed should be reformed; (b) whether both contracts of guaranty, November 1, 1926, and November 23, 1927, continued indefinitely, or whether the last one superseded the first; and (c) whether or not C. M. Council was entitled to a credit of $20,000 on the indebtedness due by him to movants. It is insisted that the contentions of the plaintiffs in error were not charged with equal fullness as those of the defendant in error, and that this was calculated to prejudice the jury against movants, and, as "movants contend and believe, resulted partially in the jury allowing the credit of $20,000 to C. M. Council." It is difficult to perceive how the submission of the question of which complaint is made could have been unfair or should have prejudiced the jury against the defendants. But the assignment of error is without merit, because in this case the court would not have been required to specify the contentions of the parties, or recapitulate the evidence, in the absence of an appropriate request for instruction.

■ The assignment of error complained of in ground 19 is without merit. It is alleged that the second contract of guaranty, quoted above, is ambiguous, and that it was the duty of the court to submit the contract to the jury for their construction; that the guaranty is sufficiently broad to include therein the obligations to be paid by C. M. Council, the deposit account of the Americus Grocery Company in the Planters Bank of Americus, the Council Plantation Company's note to the Americus Grocery Company, personally indorsed by C. M. Council, and the promissory notes signed by the Planters Bank to the Americus Grocery Company and personally indorsed by C. M. Council. As we have stated, there can be nothing included in this guaranty except repayment of such amounts as Frank Lanier and the Americus Grocery Company may pay for the Planters Bank of Americus.

■

■ The assignment of error in ground 20 is without merit, for the reason that exceptions to a decree are not grounds of a motion for new trial. *Bond* v. *Sullivan*, 133 *Ga.* 160 (5), 161 (65 S. E. 156, 134 Am. St. R. 199) ; *Crow* v. *Crow*, 134 *Ga.* 10 (2) (67 S. E. 400) ; *Sweetman* v. *Owens*, 147 *Ga.* 436 (2) (94 S. E. 542).

■ The court did not err in allowing the credit found by the jury in favor of C. M. Council to be placed where Council, the debtor, wished it to be applied; but in any event, under the authorities just cited, this exception to the decree can not be considered, as it is presented only by motion for new trial, and not, as it should have been, by exceptions pendente lite.

■ The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur, except Bell, J., who dissents.*

ON MOTION FOR REHEARING.

RUSSELL, C. J. We shall advert to but one portion of the motion for a rehearing, for the reason that a rereading of the opinion develops that all of the questions raised by the motion were adequately dealt with, except perhaps one. The point is made that the court failed to consider paragraph 8 of the petition, in which the plaintiff set forth the purpose of giving the security deed involved in this case. From the record it will be observed that the plaintiff, in making any concession which may be inferred from his language in paragraph 8, qualified that concession by his amendment filed May 23, 1933, so as to require paragraph 8 to be considered in connection with the additional allegations contained in this amendment; and therefore the judge did not err in thus considering paragraph 8. A later amendment set up an accord and satisfaction which was subsequent to the facts alleged in paragraph 8, and under this amendment the plaintiff was entitled to plead and prove a subsequent agreement with Lanier which rendered ineffectual the facts alleged in paragraph 8. *Rehearing denied.*