## 24471. RICE *v.* THE STATE.

DECIDED NOVEMBER 24, 1934.

James R. Venable, Robert McGinley, J. B. Wood, Frank A. Bowers, for plaintiff in error.

John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson, contra.

BROYLES, C. J. 1. Special ground 1 of the motion for a new trial complains of the failure of the court "to charge the jury on the 'like-and-similar-offenses' theory of the law, although the court had admitted, over objections of defense counsel, several like and similar offenses having no actual connection with the particular offense of which movant was on trial." The ground does not assign error on the admission of the testimony, but assigns as error the failure "to charge on the 'like-and-similar-offenses' theory of the law." The ground is too indefinite to be considered by a reviewing court. What is "the like-and-similar-offenses theory of the law?" If counsel desired a charge on that theory (whatever it is), he should have submitted a timely and appropriate written request and incorporated therein the concrete proposition of law that he wanted charged. See, in this connection, *Wright* v. *W. & A. R. Co.*, 139 *Ga.* 343 (3) (77 S. E. 161); *Hudson* v. *State*, 26 *Ga. App.* 596 (4) (107 S. E. 94); *Allen* v. *State*, 8 *Ga. App.* 284 (2) (68 S. E. 1009); *Ellison* v. *State*, 40 *Ga. App.* 225 (2) (149 S. E. 178).

2. Special ground 2 of the motion is as follows: "Because upon the trial of said case the court charged the jury as follows: 'Those are the two charges, gentlemen, in the bill of indictment. The defendants, on being arraigned,—there being a severance on arraignment and the only defendant on trial is Bettie Rice, so you are not concerned with the guilt of any one in this bill of indictment, except Bettie Rice, save, of course, that on the question hereafter explained to you with reference to the combination or agreement or conspiracy.' Movant avers that the court, by the above charge (page 2 of the charge of the court), did err in that he did intimate and express to the jury his opinion as to the guilt of the accused, particularly by the use of the words: 'so you are not concerned with the guilt of any one in this bill of indictment except Bettie Rice.'" It is evident from the language of the judge that he merely meant to tell the jury that the only defend-

ant on trial *before them* was Bettie Rice, and his words did not amount to an expression of his opinion as to her guilt. The ground is without substantial merit.

3. Special ground 3 of the motion complains of the failure to instruct the jury on the law of "recent possession of stolen goods." The ground does not allege that any evidence was introduced showing that the defendant had been found in the *recent* possession of stolen goods. Furthermore, no request for such a charge was made. The ground fails to show error.

4. The remaining special ground, and the general grounds, of the motion for a new trial are not argued or referred to in the brief of counsel for the plaintiff in error, and therefore are treated as abandoned.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*