JEWEL TEA COMPANY, INC., *v.* McCRARY.

4-5295                                         122 S. W. 2d 534

Opinion delivered December 12, 1938.

*Mann, Mann & McCulloch,* for appellant.

*Marvin B. Norfleet,* for appellee.

GRIFFIN SMITH, C. J. This appeal is from a judgment for $1,500 on a jury's verdict finding that H. W. Jonakin was negligent in driving a Jewel Tea Company automobile, as a consequence of which appellee sustained personal injuries.

The gravel highway on which appellee was driving his Chevrolet car south from Forrest City is about thirty feet wide. Appellee testified that he slowed to 25 or 30 miles an hour to pass a cattle truck, a part of which was parked on the highway, occupying three or four feet of the west portion thereof; that he had cleared the truck and was four or five car lengths beyond when the Tea Company car struck his left fender and "stripped me down." The accident occurred between 7 and 7:30 o'clock in the evening. In explanation of the shock he

sustained, appellee said: "I was 'out' until between 9:30 and 10:30, and don't remember being brought back to town."

Jonakin's testimony was that he was on the east [his] side of the road; that he saw the truck parked across the road, and that appellee's car "came out from behind the trailer at about 25 or 30 miles an hour. I was going very slowly and kept to my right and applied my brakes. Had my right wheels 18 inches off the gravel in the grass on the east side of the road when the other car came around. . . ."

Each side introduced other testimony. There was substantial evidence upon which the jury could have found for either the plaintiff or the defendants. The questions of negligence and contributory negligence were properly referable to the jury.

Errors complained of are: (1) That the court should not have permitted Pugh Hodges to express an opinion. (2) That the court erred in permitting E. A. Rolfe to testify concerning car tracks at the scene of the accident, and to draw conclusions therefrom. (3) That photographs were improperly admitted in evidence as exhibits to the testimony of James L. Alley. (4) That the verdict is contrary to the evidence.

██ In response to the question, "What was Mr. McCrary's condition as you saw it?" the witness Hodges replied: "He looked to me like he was in a kind of semi-conscious condition; he talked, but he didn't know what he was talking about." Objection was not made until the answer had been given. The court's ruling was: "He can tell [what McCrary's actions were] and let the jury determine that."

It was proper to permit the witness to describe the conditions he observed. Where one testifying is not called upon for an opinion, but simply for a statement of facts, the rule that competency of such witness depends upon actual experience with respect to the subject under investigation, or previous study and scientific research, has

no application. A non-expert may explain what he saw, and state what his impressions or reactions were.[1]

■ E. A. Rolfe testified that he went to the accident locale during the early morning following the collision. Asked if he saw any tracks indicating where the cars came together, he replied: "I noticed tracks that looked like the car going south had gone by the truck, and the car coming from the south looked like just before it got to where it hit the car it turned to the west."

Objection was made that the witness viewed the scene at least twelve hours after the accident occurred, and "the testimony is not competent to show how the accident happened."

The court's ruling was: "He can tell what he saw there." Exceptions were saved to the ruling and to competency of the testimony.

The witness then stated: "There were no other tracks there, and it showed where the car had run to the west and then turned back to the east."

---

[1] *Pfeifer Stone Company* v. *Shirley*, 125 Ark. 186, 187 S. W. 930; *Kansas City Southern Railway Company* v. *Cobb*, 118 Ark. 569, 178 S. W. 383; *Mutual Aid Union* v. *Blacknall*, 129 Ark. 450, 196 S. W. 792; *Modern Woodmen of America* v. *Whitaker*, 173 Ark. 921, 293 S. W. 1045.

In the Cobb Case, after quoting from Judge ELLIOTT'S treatise on evidence, it was stated in the opinion: "Where one person is acquainted with another and they come in contact with each other frequently, it is not a matter of expert knowledge for one to tell whether the other appears to be sick or well. These are matters of common experience and observation. And a non-expert witness, after stating the facts upon which his opinion is based, may even give his opinion in such matters. Jones on Evidence, vol. 2, §§ 360 *et seq.* 366."

The rule laid down in Corpus Juris [vol. 22, p. 618, § 711] is: "When the circumstances are such that all the facts cannot be placed before the jury with such clearness as to enable them to draw a correct inference, and the province of the jury is not invaded, and the inference is not one for the drawing of which special skill, knowledge, and experience are required, an ordinary person who has suitable opportunity for observation may state the apparent physical condition of another person. . . . Such an observer may also state the obvious condition and visible effect of particular injuries, or state inferences from transient physical appearances, as that a person was hurt or injured, . . . paralyzed, conscious or unconscious."

There was no error in permitting the photographs to be introduced. Appellee testified that when the pictures were taken the truck was in the tracks it made prior to the collision. The driver gave similar testimony. The jury understood the truck had been moved and replaced in order that the photographs might be taken. Verity of the photographs depended upon testimony of the two witnesses. The jury had a right to believe or disbelieve such evidence.

The writer of this opinion thinks the Rolfe testimony was incompetent and prejudicial; but the majority holds otherwise.

The judgment is affirmed.