27342.   COCHRAN *v.* THE STATE.

BROYLES, C. J.   1. "While it is true that 'by the act of August 15, 1921 (Ga. Laws 1921, p. 233 [Code, § 6-1305]), when the final bill of exceptions shows that exceptions pendente lite were properly filed in the trial court, and when the contents of such exceptions pendente lite

are recited in the bill of exceptions, or a copy thereof appears in the transcript of the record, an assignment of error in the final bill of exceptions, either upon the exceptions pendente lite or upon the rulings therein excepted to, is sufficient' (*Alexander* v. *Chipstead*, 152 *Ga*. 851, 111 S. E. 552), still, as is indicated by the opinion quoted, the mere fact that a copy of the exceptions pendente lite appears in the transcript of the record is not a compliance with the act referred to where, as here, the final bill of exceptions does not contain an assignment of error either upon the exceptions pendente lite or upon the ruling therein complained of. *House* v. *American Discount Co.*, 31 *Ga. App*. 396 (120 S. E. 701). Accordingly, this court is without jurisdiction to consider the grounds set forth in the exceptions pendente lite." *Carter* v. *Vanlandingham*, 37 *Ga. App*. 642 (141 S. E. 429).

2. The assignment of error in the final bill of exceptions upon exceptions pendente lite must be a *specific* assignment of error. Either the exceptions pendente lite, or the ruling therein complained of, must be directly, clearly, and specifically assigned as error. *Lyndon* v. *Ga. Ry. &c. Co.*, 129 *Ga*. 353 (3) (58 S. E. 1047); *Stewart* v. *Marietta &c. Co.*, 129 *Ga*. 417 (59 S. E. 231). "The bill of exceptions must itself contain an assignment of error either *directly* [italics ours] upon the ruling or upon the exceptions pendente lite." *Lanier* v. *Council*, 179 *Ga*. 568 (176 S. E. 614). In the instant case there is no clear, direct, or specific assignment of error in the final bill of exceptions on the exceptions pendente lite, and this court is without jurisdiction to consider the exceptions.

3. The evidence amply authorized the verdict; and the motion for new trial, embracing the general grounds only, was properly overruled.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED APRIL 11, 1939.

*Leward Hightower, R. L. Addleton,* for plaintiff in error.
*Chester A. Byars, solicitor,* contra.

