## 30564.  SOUTHEASTERN GREYHOUND LINES INC. *et al. v.* HANCOCK.

472

*Lester F. Watson,* for plaintiff in error. *C. C. Crockett,* contra.

PARKER, J. This is an action by Burton Hancock, a minor, suing by next friend, against Southeastern Greyhound Lines Inc. and Frank Tarpley, for damages, general and aggravated, for physical pain and wounded feelings alleged to have been inflicted upon the plaintiff by the defendants in the making of an unwarranted and unjustified physical assault upon him. The defendants demurred generally and specially to the petition. The demurrers were overruled, and to this ruling exceptions pendente lite were duly presented, allowed, and filed. The trial resulted in a verdict in favor of the plaintiff. The defendants' motion for a new trial was overruled, and they excepted.

■ There is no clear, direct, or specific assignment of error in the final bill of exceptions on the exceptions pendente lite in this case, or upon the rulings therein excepted to, as required by the Code, § 6-1305, and this court is without jurisdiction to consider the exceptions. "The assignment of error in the final bill of exceptions upon exceptions pendente lite must be a *specific* assignment of error. Either the exceptions pendente lite, or the ruling therein complained of, must be directly, clearly, and specifically assigned as error." *Cochran* v. *State,* 59 *Ga. App.* 892 (2) (2 S. E. 2d, 730). "The bill of exceptions must itself contain an assignment of error either directly upon the ruling or upon the exceptions pendente lite." *Lanier* v. *Council,* 179 *Ga.* 568 (176 S. E. 614).

■ The first special ground of the motion for new trial complains of the admission, over timely objection, of testimony by the plaintiff as to a statement made by the porter for the Greyhound bus company. Conceding but not deciding that the testimony objected to was inadmissible and should have been excluded, the error was cured when counsel for the defendants brought out the same evidence again on cross-examination of the witness. "Whether the court erred in allowing a witness to testify to certain facts over objection is immaterial where later the same witness testified to

the same facts without objection." *Simmons* v. *State,* 34 *Ga. App.* 163 (128 S. E. 690). "Error in the admission of certain evidence ordinarily is cured by the introduction without objection of other testimony to the same effect." *Bullard* v. *Metropolitan Life Ins. Co.,* 31 *Ga. App.* 641 (6) (122 S. E. 75).

■ The second special ground alleges that the court erred in expressing or intimating his opinion on the facts of the case, as prohibited by the Code, § 81-1104, in stating that the jury should draw the conclusions as to what the emergency required of the parties. The use of the word "emergency" is criticized as an intimation by the court that there was an emergency when in fact no emergency had been shown. The word was used by the court in ruling upon an objection made by counsel for the defendants to certain testimony of the plaintiff. We do not think the expression used amounted to the intimation of an opinion by the court, and we hold that this ground is without merit. See *Fowler* v. *State,* 187 *Ga.* 406 (6) (1 S. E. 2d, 18).

4. The third special ground charges error because of the overruling of the defendants' motion for a mistrial. The plaintiff's father testified that "everytime my children . . go down there [referring to the bus station] to have their baggage checked they would have trouble with Mr. Tarpley" The court ruled out the evidence, and overruled the motion for a mistrial. The granting or refusing of a motion for a mistrial is necessarily a matter largely within the discretion of the court, and "unless it is apparent that a mistrial was essential to the preservation of the right of fair trial, the exercise of this discretion will not be interfered with." *Powell* v. *State,* 179 *Ga.* 401 (4) (176 S. E. 29). The court did not abuse its discretion in overruling the motion. *Eden* v. *State,* 43 *Ga. App.* 414 (159 S. E. 134).

■ Grounds 4 and 5 complain of the failure of the court to charge the jury on the measure of damages. The plaintiff sued for general and what he denominated "aggravated" damage, for physical pain and wounded feelings inflicted upon him by the defendants. The court charged the contents of §§ 105-2001, 105-2002, and 105-2006 of the Code, relating to general and special damages and aggravating circumstances, but wholly failed to charge any measure of damages. We think this was error requiring a new trial. "Where several different elements of dam-

age are claimed, it is error requiring the granting of a new trial for the judge to fail in his charge to the jury to give them any rule for estimating the damages claimed; and this is true notwithstanding no written request for such charge is made by the defendant." *Southern Ry. Co.* v. *O'Bryan,* 112 *Ga.* 127 (37 S. E. 161) ; *Gainesville Transfer Co.* v. *Chandler,* 47 *Ga. App.* 409 (170 S. E. 558).

■ Ground 6 alleges error because of the failure of the court to charge the Code, § 105-1802, relating to extenuation and mitigation of damages. While this principle was not charged in the words of the statute, we think it was charged in substance and effect, and in the absence of a written request for a more complete charge on this subject we find no error in this assignment.

*Judgment reversed. Sutton, P. J., and Felton, J., concur.*