31404. SIKES *et al.* v. WILSON.

DECIDED OCTOBER 18, 1946.

416

P. M. Anderson, R. N. Odum, for plaintiffs in error.

B. D. Dubberly, J. T. Grice, contra.

PARKER, J. ■ The plaintiffs in error contend that the court erred in not charging the jury as follows: "Even though you may believe that the driver of the car was negligent in some of the respects alleged in the petition, it would have been the duty of the driver of the truck to use ordinary care in avoiding such negligence, and if you believe that he could by the use of such ordinary care have avoided striking the car, then the plaintiff would not be entitled to recover." No written request to give this charge was made by the defendants, but they allege that the principle stated was not substantially covered by the general charge, and that it was directly involved and applicable to the issues in the case and should have been given without request. This contention seems correct. The petition alleged that the driver of the plaintiff's truck was not negligent, and that the sole cause of the damage to the truck was the negligence of the driver of the defendant's car; whereas the answer of the defendants charged that negligence of the plaintiff's

driver in driving the truck at an unlawful rate of speed, and over the center line of the highway, was the sole cause of the damage. The evidence, like the pleadings, was in direct conflict on the question of negligence. The testimony for each of the parties to the case tended to sustain their respective and conflicting theories as to who was negligent in causing the collision between the truck and the car.

We think that it was the duty of the court, under the pleadings and the evidence in this case, to charge in substance the principles of law set out by the plaintiffs in error. "In a suit for damages for personal injuries alleged to have been caused to the plaintiff by the negligence of the defendant, where the pleadings and the evidence made an issue as to whether the plaintiff's negligence was the proximate cause of the injury, or whether the plaintiff by the exercise of ordinary care could have avoided the consequences of the defendant's negligence, it is error for the court to omit to instruct the jury upon the law applicable to such defenses." *Russell* v. *Bayne,* 45 *Ga. App.* 55 (163 S. E. 290). This rule was applied by this court in *Awbrey* v. *Johnson,* 45 *Ga. App.* 663(2a) (165 S. E. 846), a case in which the facts appear to be quite similar to those in the case at bar. "It is well settled that, if the pleadings and the evidence raise an issue as to whether the injured person could have avoided the injury by the exercise of ordinary care, it is error for the trial judge not to instruct the jury thereon, even in the absence of a timely written request. . . It is also true that where there is a general denial of the allegation that the plaintiff was free from fault, or was in the exercise of due care, it is not essential that this defense be specifically pleaded in order to require proper instructions to the jury in regard thereto." *Georgia Ry. &c. Co.* v. *Freeney,* 22 *Ga. App.* 458 (96 S. E. 575). "Where the pleadings and the evidence raise the issue of whether or not the plaintiff by the exercise of ordinary care could have avoided the consequences of the defendant's negligence, it is the duty of the trial judge to give in charge to the jury the law on this subject, without a request therefor." *Wells* v. *Steinek,* 49 *Ga. App.* 482(1) (176 S. E. 42), and numerous citations. Many other cases in which this rule has been applied could be cited. In our opinion the court erred in failing to charge as set forth in this ground of

the motion, and this error requires a new trial. The cases cited by the defendant in error holding that it is not error, in the absence of a proper request, to fail to charge on comparative negligence, or upon the law as to minimizing or reducing damages, are manifestly not applicable to the case at bar.

The plaintiffs in error complain of the admission over timely objection of certain testimony of the witness Dubose, giving his opinion that the car was across the white line to the left when the collision took place. The excerpt from the testimony must be considered in its context, and it appears therefrom that the witness gave the facts on which the opinion was based in testimony preceding and following the excerpt objected to. We do not think that the evidence was improperly admitted when considered in connection with all the testimony of the witness. See *Ellison* v. *State*, 40 *Ga. App.* 225 (149 S. E. 178). It appears also that similar evidence of other witnesses was admitted without objection. For this additional reason it was not error to admit the testimony complained of in this ground. See *Atlanta Laundries* v. *Goldberg*, 71 *Ga. App.* 130(5) (30 S. E. 2d, 349) ; *Southeastern Greyhound Lines* v. *Hancock*, 71 *Ga. App.* 471(2) (31 S. E. 2d, 59).

The general grounds of the motion are not considered or passed upon.

*Judgment reversed. Sutton, P. J., and Felton, J., concur.*