Carl George **LEE**, Appellant
(Defendant below),

v.

**The STATE of Wyoming, Appellee**
(Plaintiff below).

No. 4595.

Supreme Court of Wyoming.

Nov. 16, 1976.

Lawrence A. Yonkee of Redle, Yonkee & Arney, Sheridan, for appellant.

V. Frank Mendicino, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., and Frank Chapman, Legal Intern, Cheyenne, and James N. Wolfe, County Atty., Sheridan, for appellee.

Before GUTHRIE, C. J., and Mc-CLINTOCK, RAPER, THOMAS, and ROSE, JJ.

GUTHRIE, Chief Justice.

Appellant, Carl George Lee, was convicted of negligent homicide and appeals from that conviction. The accident from which this arose occurred early in the morning on July 5, 1974, on North Main Street in Sheridan. That street has a concrete me-

dian in the center, with two traffic lanes on each side, and is approximately 28 feet wide, being divided into two lanes by a colored stripe. This accident involved a collision of the car driven by appellant with one driven by Glen Bennick while both were traveling in a southerly direction and on the west side of the median. Bennick was driving in the left lane next to the median strip and Lee's car was back of the Bennick car in the right-hand lane. The occupants of the Bennick car heard the Lee car accelerate and immediately thereafter the Lee car struck Bennick's car in the right rear quarter of the panel. After the collision the Bennick vehicle crossed the right-hand lane of the highway and went off the street on the west side. The Lee car crossed over the left lane of the street and across the median and went off on the east side of the road where it struck a building and burst into flames. David Lawrence, a passenger in the Lee car, was injured and as a result died. It is the State's theory, apparently accepted by the jury, that appellant's car intruded into Bennick's lane and struck his car, causing the collision and death of the deceased.

There is but one substantial question posed by this appeal and that is the appellant's insistence that the trial court permitted unqualified witnesses to express opinions upon the pivotal issues in the case. The two areas of attack are the alleged error of allowing Officer Olson to give his opinion that the point of impact was in Bennick's lane of travel and allowing Officer Mitchell to testify that the tire marks left by appellant's vehicle in his lane of travel were acceleration rather than brake marks. The appellant attacks the admission of this evidence solely upon the basis that neither of these witnesses had "the training, knowledge, or experience necessary to qualify them as experts in these subjects."

We cannot reach appellant's contention that it was error to admit the Ol-son testimony because the qualifications of this witness were in no manner raised by the objection. Although Olson did testify that the point of impact was in the lane next to the median, which was the lane in which Bennick's car was traveling, the objection to the question which elicited this answer was, "The question assumes a conclusion and is leading." This objection in no manner indicates that the basis of this objection was the lack of competency or qualification of the witness. Our consideration of this question is limited by the objection proposed to the trial court, and we cannot reach the question of Olson's qualifications, *Murdock v. State,* Wyo., 351 P.2d 674, 679. In *Jackson v. State,* Wyo., 533 P.2d 1, 4, this court reiterated with approval the rule in *Murdock* that "The objector should lay his finger on the particular point intended to be raised so that the trial court will have notice and an opportunity to cure the alleged error." [1]

There is an equally compelling reason for insisting upon specificity of objections to preserve the question for review, particularly in a case of this kind. When the qualifications of a witness are properly brought into issue adverse counsel is advised thereof and he may well be able to proceed and establish such qualifications if he realizes the basis of the objection. The facts in this record clearly illustrate this because after the testimony was received, to which objection is now made, it later developed that Olson had investigated approximately 100 accident cases prior to the time of this accident. This has been expressed as follows:

"* * * Furthermore, opposing counsel should have an opportunity to remove the objection or supply the defect by other testimony." 4 Jones on Evidence, § 28:2, p. 276 (6th Ed.).

The objection to the question as being leading is not pursued by appellant, and the objection that it calls for a conclusion or

---

1. Rule 103(a) Fed.Rules of Evidence; and Rule 4, Uniform Rules of Evidence, 4 Jones on Evidence, p. 369 (6th Ed.).

assumes a conclusion is the objection upon which he must now rely. Within the framework of this case we do not reach the question whether such an opinion might be expressed by other than an expert. To support appellant's now suggested error, an objection should have been made to the qualifications of Olson as a witness if it was desired to raise the question of the "training, knowledge, or experience" of the witness. This is demonstrated by the case of *State Highway Commission v. Newton,* Wyo., 395 P.2d 606, 607, which held that an objection as to foundation did not challenge the qualifications of a professional appraiser.

The case of *Een v. Consolidated Freightways,* 8 Cir., 220 F.2d 82, 87, involving the examination of an expert, contains an interesting illustration of a general objection not completely unlike this objection. The objection made in that case was that it was "incompetent, irrelevant, immaterial, calling for speculation, guess and conjecture." This was styled by that court as "too general to call anything sharply to the attention of the court and no error could be predicated on the ruling on such an objection."

Because of the apparent proclivity of attorneys to seek to raise questions not justifiably based in the record, including the admissibility of evidence, it is not amiss to reiterate the pithy aside appearing in 1 Wigmore on Evidence, § 18, p. 332 (3d Ed.), when in discussing general objections it was said:

"* * * The cardinal principle (no sooner repeated by Courts than ignored by counsel) is that a *general objection, if overruled,* cannot avail the objector on appeal." (Underscoring supplied; italics in original.)

Appellant's contention involving a claim of error because Officer Mitchell was allowed to testify, as appears herein, that the marks left by the Lee vehicle in his own (right-hand) lane were acceleration marks and not brake marks, will be considered be- cause the objection made would properly raise the question of the officer's training, knowledge, and experience. The testimony and objection upon which this is based are as follows:

"Q. Now, Officer Mitchell, I want to direct your attention to these skid marks between the Lee vehicle and the Bennick vehicle, the two single skid marks that Officer Olson has shown us, here. Did you observe those marks? A. Yes, I did.

"Q. Could you describe those marks? A. There were two medium dark marks. They weren't heavy marks. They were not wide. They were fairly thin, those two marks.

"Q. Two distinct marks, though? A. Yes.

"Q. Now, have you ever had occasion in your experience as a police officer to observe brake marks? A. Yes, I have.

"Q. And with regard to what you saw that night at the scene, how do brake marks compare with the marks that you observed there?

"MR. YONKEE: Your Honor, I'm going to object. It calls for an opinion and there's no proper foundation at this point.

"THE COURT: I'm going to sustain the objection on the basis of foundation.

"Q. Well, let me ask again, Officer: You have been a police officer now for two years, you said? A. Yes.

"Q. During that period of time have you ever had occasion to conduct a braking test? A. Yes, I have.

"Q. And you have observed a vehicle slam on its brakes and then you have observed the marks left by that vehicle? A. Yes, I have.

"Q. And you observed the tire marks that were left by the Lee vehicle between where they first began until they crossed Main Street into the other side of the southbound lane? You observed those yourself? A. Yes, I did.

"Q. Now, as between your observations of the actual brake marks that you have seen and the observations of these tracks, could you describe for us the difference, if any, of those tracks?

"MR. YONKEE: Your Honor, I'm going to object. This question calls for a conclusion or opinion. The witness has not as yet been qualified and there's not proper foundation.

"MR. WOLFE: Your Honor, I don't wish to argue, but I'm asking him what he has observed about the two. I'm not asking him his opinion of whether it's braking marks or not, I'm asking him what he observed.

"THE COURT: The objection is overruled. He may answer that question.

"A. A braking mark is a wider mark, a heavier mark, more distinguished as a tire mark. These marks were light, as lighter, thinner marks, not heavy embedded in the pavement.

"Q. I see. Have you ever had occasion in your experience as a police officer to observe acceleration marks? A. Yes, I have.

"Q. And in particular have you ever had occasion to observe a car that was traveling and then immediately accelerated and left some marks on the road? Have you ever seen that? A. Yes, I have.

"Q. And could you describe for us what the nature of those marks that you have observed in that situation are in relation to the marks that you observed on the 5th of July when you investigated this accident?

"MR. YONKEE: Your Honor, I'm going to object on the grounds that the witness has not been qualified and there's an improper foundation.

"THE COURT: I'm going to overrule the objection.

"A. The marks on the 5th of July appeared to be the same as those of a vehi-cle that had been traveling and then accelerated."

■ Appellant concedes the well-established rule in this jurisdiction that the establishment of the qualifications of an expert witness rests largely with the trial judge and "will not be disturbed except in extreme cases," *Runnion v. Kitts*, Wyo., 531 P.2d 1307, 1309, and cases cited. He makes some reliance upon the case of *State v. Catellier*, 63 Wyo. 123, 179 P.2d 203, 224, which it is suggested must be read with and as a corollary of the rule in *Runnion* and in some manner dilutes the words in *Runnion*, and they must be read together. We do not deem that this case is in any manner applicable and view the rule in *Runnion*, decided some 28 years later, as applying directly hereto, and that the *Catellier* holding is encompassed in the words "extreme case." This being a matter involving the trial court's discretion, it would be improper to attempt to narrowly limit such discretion and we cannot reverse upon this ground unless a clear abuse of discretion is demonstrated, *Deeter v. State*, Wyo., 500 P.2d 68, 71.

■ The record shows that Mitchell had served as a police officer for one and one-half years prior to the accident; that he went to the scene and observed it shortly after the accident happened; that he had taken pictures of the scene; and that he had assisted in making measurements upon which the diagram of the accident was based. We have heretofore recognized the rule that a witness may be qualified to express an opinion if he has opportunity to observe and has sufficient knowledge of the matter, and that this is largely within the court's discretion and will not be disturbed on appeal "unless it is clearly and prejudicially erroneous," *Cederburg v. Carter*, Wyo., 448 P.2d 608, 611. It is appropriate under these authorities to look at the cross-examination of the witness wherein it was developed that Mitchell had received training in accident investigation at the Wyoming Law Enforcement Acade-

my, and that such instruction had included rubber marks left on streets as the result of an accident between motor vehicles, and that he had studied brake marks. We find the following most appropriate:

> "* * * the general rule is that the omission to lay a proper foundation for expert or opinion evidence upon the examination in chief if it be supplied by evidence drawn out on cross-examination results in the error in admitting it being cured. [Citations] * * *." *Dillenschneider v. Campbell*, Mo.App., 350 S.W.2d 260, 267.

Nor can we say that the reception of this evidence was "prejudicially erroneous," it being cumulative in nature and in addition to the direct testimony of two of the occupants of the Bennick car who testified to hearing the acceleration of the Lee car. We cannot therefore find that the court abused its discretion or that there was any error in the admission of this testimony.

Affirmed.

THOMAS, Justice (concurring).

I perceive an additional dimension to the issue presented with respect to the testimony of Officer Olson which is alluded to in the majority opinion. Respectable case authority exists for permitting a lay witness to express an opinion or conclusion such as the one complained of in this case. *McPherson v. Martin*, 234 Ala. 244, 174 So. 791 (1937); *Madison v. State*, 40 AlaApp. 62, 109 So.2d 749 (1958), cert. den. 268 Ala. 699, 109 So.2d 755 (1959); *Jewel Tea Co. v. McCrary*, 197 Ark. 294, 122 S.W.2d 534 (1938); *Sikes v. Wilson*, 74 Ga.App. 415, 39 S.E.2d 902 (1946); *Weilbrenner v. Owens*, 246 Iowa 580, 68 N.W.2d 293 (1955); *Lambert v. Caronna*, 206 N.C. 616, 175 S.E. 303 (1934); *Duran v. Mueller*, 79 Nev. 453, 386 P.2d 733 (1963).

Modern theories of the law of evidence exemplified by Rule 701 of the Federal Rules of Evidence and Rule 56(1) of the Uniform Rules of Evidence lend credence to these cases, and manifest a bias in favor of admissibility. See McCormick, Evidence, § 11, pp. 22–26 (2nd Ed. 1972). The modern approach favoring admissibility was recognized by this Court in *Krahn v. Pierce*, Wyo., 485 P.2d 1021 (1971). Permitting a lay witness to state an opinion such as this under the proper circumstances would constitute a logical and reasonable extension of *Krahn v. Pierce*, supra, and would justify the exercise of the trial court's discretion relating to evidentiary rulings to the end of admitting such testimony.

If the circumstances justifying the admission of such an opinion were not deemed to be present, counsel needed to call that to the attention of the trial court by a more specific objection stating the reasons that the testimony was not rationally based on the perception of the witness or that it would not be helpful to a clear understanding of his testimony and to a determination of a fact in issue. For this additional reason, then, I would hold the objection made to be without that specificity which is needed to preserve error for appeal in the face of an adverse ruling.